C. Christine Burns #017108
Alison Pulaski Carter #025699
**B**URNS**B**ARTON **LLP**
45 West Jefferson, 11th Floor
Phoenix, AZ 85003
Phone: (602) 753-4500
christine@burnsbarton.com
alison@burnsbarton.com
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DANIEL DESMOND,<br><br>Plaintiff,<br><br>vs.<br><br>GODADDY.COM, L.L.C., a foreign limited liability company,<br><br>Defendant. | NO. 2:16-cv-04510-PHX-JZB<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant GoDaddy.com, L.L.C. ("GoDaddy"), for its Answer to the First Amended Complaint ("Complaint") filed by Plaintiff Daniel Desmond, hereby admits, denies and alleges as follows. GoDaddy denies all allegations of the Complaint that are not specifically admitted herein.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343.

**Answer to Paragraph 1: Defendant admits that jurisdiction is proper pursuant to 28 U.S.C. §1331. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.**

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) and (c) because Defendant's registered agent is located within Maricopa County, Arizona the

events forming the basis of this lawsuit took place within this judicial district.

**Answer to Paragraph 2:  Defendant admits that venue is proper before this Court pursuant to 28 U.S.C. §1391(b).  Defendant also admits that its registered agent is in Maricopa County, Arizona.  Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.**

3. This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**Answer to Paragraph 3:  Defendants admit that this Court has the authority to grant declaratory relief.**

## PARTIES

4. At all relevant times, Defendant is, and has been, a Delaware limited liability company, registered to do business in the State of Arizona, which operates call centers throughout Arizona. Defendant employed Plaintiff at its location in Scottsdale, Arizona and has continuously employed at least 15 workers.

**Answer to Paragraph 4:  Defendant admits that it is a Delaware Limited Liability Company that is registered to do business in Arizona.  Defendant admits that it employs at least 15 employees.  Defendant further admits that it employed Plaintiff in Scottsdale, Arizona.  Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.**

5. Defendant has continuously been an employer as that term is defined by 42 U.S.C. § 12111(5)(A). Defendant was the employer of and had supervisory control of all individuals employed at its facility in Scottsdale, Arizona.

**Answer to Paragraph 5:  Defendant admits that it is an employer within the meaning of 42 U.S.C. §12111.  Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.**

6. Defendant is, and has been at all times material to this First Amended Complaint, a "covered" entity" as that term is defined in 42 U.S.C. § 1211(2).

**Answer to Paragraph 6:  Defendant admits that it is an employer within the meaning of 42 U.S.C. §12111.**

7.   Plaintiff is, and has been at all times material to this First Amended Complaint, an adult resident of Maricopa County, Arizona and a "complaining party" as the term is defined in 42 U.S.C. § 198la(d)l.

**Answer to Paragraph 7:  Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 7 of the Complaint and therefore denies them.**

8.   At all times material to this First Amended Complaint, Plaintiff was an "employee" of Defendant as that term is defined in 42 U.S.C. §12111(4).

**Answer to Paragraph 8:  Defendant admits that Plaintiff was an employee of Defendant from March 2013 to June 2016.**

9.    Plaintiff is, and has been at all times material to this First Amended Complaint, a "qualified individual with a disability" as used in 42 U.S.C. § 12111 (8) and 42 U.S.C. §12102, specifically, Plaintiff suffers from bipolar II and generalized anxiety disorder.

**Answer to Paragraph 9:  Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 9 of the Complaint and therefore denies them.**

10.   Plaintiff is a person with a "disability" as defined by 42 U.S.C. § 12102, specifically, bipolar II and generalized anxiety disorder, which disabilities were known to his employer, Defendant, because they had been disclosed when he had sought reasonable workplace accommodations for his disability and Family Medical Leave Act (FMLA) leave.

**Answer to Paragraph 10:  Defendant denies the allegations contained in Paragraph 10 of the Complaint.**

## CONDITION PRECEDENT

11.     Prior to the initiation of this lawsuit, Plaintiff filed charges with the Equal Employment Opportunity Commission (Commission) alleging violations of the ADA by GoDaddy, (Charge# 540-2016-03039). On September 23, 2016, the Commission issued Plaintiff its "Notice of Right to Sue" on his charge of discrimination, supra. The Complaint was filed within ninety days of Plaintiff's receipt of the Commission's Notice of Right to Sue.

**Answer to Paragraph 11:  Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC on September 12, 2016 alleging discrimination based on disability and retaliation.  Defendant admits that on September 23, 2016, the EEOC issued a Dismissal and Notice of Rights and Plaintiff filed a complaint on December 22, 2016.**

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

**Answer to Paragraph 12:  Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 12 of the Complaint and therefore denies them.**

## STATEMENT OF THE FACTS

13.     Plaintiff is an individual with a qualifying mental health disability.  He receives treatment for bi-polar disorder (also known as "bi-polar depression") and anxiety since 2007.

**Answer to Paragraph 13:  Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 13 of the Complaint and therefore denies them.**

14.     Plaintiff was employed by Defendant from March 13, 2013 until June 20, 2016, when Defendant terminated his employment.

**Answer to Paragraph 14:  Defendant admits the allegations contained in Paragraph 14 of the Complaint.**

15.     Defendant's operates a domain registration business throughout the United States. In Arizona, Defendant operates three offices to market their products including but not limited to their domain registration business.

**Answer to Paragraph 15:  Defendant admits that, among other things, it operates a domain registration business.  Defendant further admits that it operates three facilities in Arizona that, among other things, service its domain registration business.**

16.     Defendant's offices are organized into various departments and/or teams, each dedicated to addressing Defendant's various customer service and business needs.

**Answer to Paragraph 16:  Defendant admits that it has various departments and teams of employees.  Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.**

17.     Defendant's Inbound Sales and Service Department (hereafter Inbound) is primarily responsible for providing technical support to existing customers. Whereas, Defendant's Customer Development Team (hereafter CDT) is primarily responsible for outbound calls to existing customers to market and sell new products. Defendant also maintains a Professional Web Design Department (hereafter PWD) dedicated to development and design of webpages.

**Answer to Paragraph 17:  Defendant admits that that it maintains a web design department.  Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.**

18.     Plaintiff began his employment with Defendant as an employee in Inbound. He remained in this position only three months until June 6, 2013 at which point he was transferred to PWD where he worked for over two years designing webpages for Defendant.

**Answer to Paragraph 18:  Defendant admits that Plaintiff began working as an Internet Sales and Service Consultant on March 12, 2013 and he moved into**

**PWD on June 6, 2013. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.**

19. In 2014, while working in the PWD department, Plaintiff and his wife divorced and he received 50% parenting time of their three children.

**Answer to Paragraph 19: Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 19 of the Complaint and therefore denies them.**

20. Because Plaintiff wanted to be closer to home for his children, he requested assistance from his PWD supervisor, Brandon Hickock (hereafter Hickock), in facilitating a transfer to his old position in Inbound. This transfer would allow him to move to an office that was closer to his home.

**Answer to Paragraph 20: Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of the Complaint and therefore denies them.**

21. Hickock told Plaintiff that an outbound sales position in CDT, would provide Plaintiff with the potential to earn more income.

**Answer to Paragraph 21: Defendant admits the allegations contained in Paragraph 21 of the Complaint.**

22. Hickock, assisted Plaintiff by contacting Human Resources and arranging for an immediate interview for this position. As a result, Plaintiff was hired into CDT, and transferred in March 22, 2015.

**Answer to Paragraph 22: Defendant admits that Plaintiff transferred into CDT in March 2015. Defendant denies the remaining allegations contained in Paragraph 22 of the Complaint.**

23. Soon after Plaintiff transferred to CDT, Plaintiff began to realize that performing outbound sales calls exacerbated his issues with anxiety and depression. This

created a feedback loop whereby; the duties of his job negatively affected his mental health, and his mental health negatively affected his job performance.

**Answer to Paragraph 23:  Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 23 of the Complaint and therefore denies them.**

24.     Plaintiff wanted to continue his employment with Defendant and sought to perform his job to the best of his abilities. Plaintiff told his CDT supervisor, Matthew Johnson (hereafter Johnson) that he was suffering from generalized anxiety disorder, depression, and bi-polar II disorder, and that those conditions were adversely affecting his job performance. On or about May or June, 2015, Plaintiff requested that he be transferred back to a position in Inbound.

**Answer to Paragraph 24:  Defendant admits that Plaintiff informed Johnson that he was medicated for bi-polar disorder.  Defendant denies the remaining allegations contained in Paragraph 24 of the Complaint.**

25.     Plaintiff reasonably expected that his request for accommodation would be honored by Defendant.

**Answer to Paragraph 25:  Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 25 of the Complaint and therefore denies them.**

26.     Johnson ignored Plaintiff's request to transfer positions. Johnson otherwise offered no support or coaching to Plaintiff regarding his struggles with mental illness. Plaintiff was advised, in essence, to "hang in there."

**Answer to Paragraph 26:  Defendant denies the allegations contained in Paragraph 26 of the Complaint.**

27.     Plaintiff continued to struggle with anxiety and depression while working in CDT.  His anxiety continued to negatively impact his work performance, and his depression deepened.

**Answer to Paragraph 27:  Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 27 of the Complaint and therefore denies them.**

28.     After disclosing his struggles with mental illness to Johnson the CDT supervisor, Plaintiff initiated monthly meetings with Johnson to discuss his disability and its negative impact on his work performance.

**Answer to Paragraph 28:  Defendant denies the allegations contained in Paragraph 28 of the Complaint.**

29.     At no time during these monthly meetings was Plaintiff warned, counseled, reprimanded, or disciplined regarding his work performance.

**Answer to Paragraph 29:  Defendant denies the allegations contained in Paragraph 29 of the Complaint.**

30.     Johnson stated that he understood the effects of Plaintiff's condition, and was willing to monitor and work closely with Plaintiff in light of his condition, but that he could not assist in providing Plaintiff with the reasonable accommodation he requested. Johnson did not propose any alternative accommodations.

**Answer to Paragraph 30:  Defendant denies the allegations contained in Paragraph 30 of the Complaint.**

31.     Throughout his tenure in CDT Plaintiff regularly made requests to Johnson for a transfer. Plaintiff's insistence on a transfer continued unabated, even when he was denied.

**Answer to Paragraph 31:  Defendant denies the allegations contained in Paragraph 31 of the Complaint.**

32.     In April 2016, Plaintiff applied for, and received, intermittent leave under the Family and Medical Leave Act (FMLA) so that he could take time away from work to treat his condition. Plaintiff filed paperwork with Defendant's Human Resources department and Johnson.

**Answer to Paragraph 32: Defendant admits that Plaintiff was approved for intermittent FMLA leave (1x every 2 months) from April 20, 2016 to October 19, 2016.  Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 32 of the Complaint and therefore denies them.**

33.     Plaintiff's request for FMLA leave was made in accordance with Defendant's policies and procedures.

**Answer to Paragraph 33:  Defendant admits that Plaintiff requested FMLA leave such that it was approved.**

34.     After filing the FMLA paperwork, Plaintiff again requested a transfer of job because of the deleterious effects his current position was having on his health and job performance.

**Answer to Paragraph 34:  Defendant denies the allegations contained in Paragraph 34 of the Complaint.**

35.     Plaintiff's request was again denied.

**Answer to Paragraph 35:  Defendant denies the allegations contained in Paragraph 35 of the Complaint.**

36.     By chance, Plaintiff was soon after contacted by his previous supervisor in PWD.  Plaintiff's former supervisor Hickock told Plaintiff that he was now managing a new inbound sales team, and arranged an interview with Plaintiff so that he can join this new team.

**Answer to Paragraph 36:  Defendant admits that in or around April 2016, Brandon Hicok contacted Plaintiff to inform him of a new sales team that he was managing, and Hicok arranged to interview Plaintiff.**

37.     After the job interview, Defendant extended a job offer to Plaintiff for the inbound sales position, and he accepted. The expected start date at the new inbound sales position was June 20, 2016. This meant that Plaintiff need only continue working in Outbound for about another month.

**Answer to Paragraph 37**: Defendant admits that following an interview of Plaintiff, Hicok requested approval to transfer Plaintiff to his sales team, with a proposed transition date of June 20, 2016. Defendant denies the remaining allegations contained in Paragraph 37 of the Complaint.

38.   Plaintiff continued to struggle while working in CDT, but persevered in anticipation of his new position.

**Answer to Paragraph 38**: Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 38 of the Complaint and therefore denies them.

39.   On June 8, 2016, Plaintiff was unexpectedly summoned to a meeting with two managers of CDT, Joy Rodgers and Julie DeCiccio. Johnson was not present at this meeting.

**Answer to Paragraph 39**: Defendant admits that it met with Plaintiff to discuss his performance on June 8, 2016. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 39 of the Complaint and therefore denies them.

40.   At the meeting, the CDT managers played back audio recordings of two outbound sales calls in which Plaintiff performed poorly.

**Answer to Paragraph 40**: Defendant admits the allegations contained in Paragraph 40 of the Complaint.

41.   Neither Johnson nor the CDT managers had never previously counseled or disciplined Plaintiff in regards to these sales calls.

**Answer to Paragraph 41**: Defendant admits that Defendant had not previously counseled Plaintiff regarding the sales calls referenced in Paragraph 40.

42.   Plaintiff attempted to explain the underlying reasons for his performance on these phone calls to the CDT managers. Both CDT managers denied knowing about Plaintiff's medical condition, or about Plaintiff's repeated requests for accommodation.

**Answer to Paragraph 42:  Defendant denies the allegations contained in Paragraph 42 of the Complaint.**

43. The Outbound managers told Plaintiff that he was being put on administrative leave, and that Human Resources would be in touch with him.

**Answer to Paragraph 43:  Defendant admits the allegations contained in Paragraph 43 of the Complaint.**

44. Plaintiff asked the CDT outbound managers about the status of his new position, and was told indirectly that his employment in that position was unlikely to occur. He was then asked to leave the building.

**Answer to Paragraph 44:  Defendant denies the allegations in Paragraph 44 of the Complaint.**

45. On June 16, 2016, Plaintiff spoke to a human resources representative, who told him that the company was consulting their legal department, and would be in touch with him soon.

**Answer to Paragraph 45:  Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 45 of the Complaint and therefore denies them.**

46. On June 20, 2016, the date he was scheduled to begin his new position, Plaintiff was terminated by Defendant.

**Answer to Paragraph 46:  Defendant admits that it terminated Plaintiff's employment effective June 20, 2016.  Defendant denies the remaining allegations contained in Paragraph 46 of the Complaint.**

47. Plaintiff's requests for accommodation were consistently made according to Defendant's written policy, and simple: he requested that he be transferred to a position that did not require him to make outbound sales calls.

**Answer to Paragraph 47:  Defendant denies the allegations contained in Paragraph 47 of the Complaint.**

48. Without the requested accommodation, Plaintiff's depression and anxiety gradually worsened. His job performance similarly suffered.

**Answer to Paragraph 48: Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 48 of the Complaint and therefore denies them.**

49. Despite the ill effects on his health, Plaintiff continued working in the CDT sales position to the best of his ability.

**Answer to Paragraph 49: Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 49 of the Complaint and therefore denies them.**

## COUNT ONE - DISABILITY DISCRIMINATION
## UNDER COUNT 1 OF THE ADA

50. The above allegations in paragraphs 1-48 are re-alleged and adopted by 26 reference 1-4 7.

**Answer to Paragraph 50: No response required.**

51. Plaintiff is an individual with a disability as defined under the ADA.

**Answer to Paragraph 51: Defendant denies the allegations contained in Paragraph 51 of the Complaint.**

52. Defendant is a qualifying employer under the ADA.

**Answer to Paragraph 52: Defendant admits that it was Plaintiff's employer from March 2013 to June 2016.**

53. Plaintiff asserts that his disability, or what Defendant regarded as a disability, was a motivating factor and consideration in Defendant's decision to discharge him and failure to re-hire him.

**Answer to Paragraph 53: Defendant denies the allegations contained in Paragraph 53 of the Complaint.**

54. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered past and future lost wages, and past and future compensatory damages (including, but not limited to, humiliation, inconvenience, suffering, embarrassment, loss of enjoyment of life, emotional pain, mental anguish, and emotional distress).

**Answer to Paragraph 54: Defendant denies the allegations contained in Paragraph 54 of the Complaint.**

55. Defendant acted with malice or reckless indifference to the rights of Plaintiff, and Plaintiff seeks punitive damages for this outrageous conduct.

**Answer to Paragraph 55: Defendant denies the allegations contained in Paragraph 55 of the Complaint.**

**COUNT TWO - FAILURE TO ACCOMMODATE UNDER THE ADA**

56. The above allegations in paragraphs 1-55 are re-alleged and adopted by reference.

**Answer to Paragraph 56: No response required.**

57. Plaintiff is an individual with a disability as defined by the ADA.

**Answer to Paragraph 57: Defendant denies the allegations contained in Paragraph 57 of the Complaint.**

58. Defendant has 15 or more employees. Therefore, Defendant is a qualifying employer under the ADA.

**Answer to Paragraph 58: Defendant admits that it has 15 or more employees and it was Plaintiff's employer.**

59. Plaintiff suffers from a disability. Nonetheless, he can perform the essential functions of his position with a reasonable workplace accommodation.

**Answer to Paragraph 59: Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 59 of the Complaint and therefore denies them.**

60. Plaintiff requested accommodations for his disability to Defendant and his accommodation was open and apparent to Defendant. Nonetheless, Defendant intentionally refused or failed to: (1) engage interactively with Plaintiff regarding his accommodation; and (2) accommodate Plaintiff's mental handicap or serious medical condition that was not unreasonable or an undue hardship.

**Answer to Paragraph 60: Defendant denies the allegations contained in Paragraph 60 of the Complaint.**

61. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered past and future lost wages, and past and future compensatory damages (including, but not limited to, humiliation, inconvenience, suffering, and embarrassment, loss of enjoyment of life, emotional pain, mental anguish, and emotional distress.)

**Answer to Paragraph 61: Defendant denies the allegations contained in Paragraph 61 of the Complaint.**

62. Defendant acted with malice or reckless indifference to the rights of Plaintiff, and Plaintiff seeks punitive damages for this outrageous conduct.

**Answer to Paragraph 62: Defendant denies the allegations contained in Paragraph 62 of the Complaint.**

## AFFIRMATIVE DEFENSES

A. Plaintiff's claims damages are barred or should be reduced in part because Defendant has effective measures to prevent discrimination and Plaintiff unreasonably failed to take advantage of those measures, or to otherwise avoid harm.

B. Plaintiff's claim for damages may be barred, in whole or in part, by his failure to mitigate his alleged damages.

C. Plaintiff's claim for damages may be barred, in whole or in part, by the after-acquired evidence doctrine.

D.   To the extent that a reasonable accommodation could not be made, Defendant pleads the affirmative defense of undue hardship or business necessity.

E.   Defendant has at all times endeavored in good faith to comply with the provisions of the ADA and all other applicable federal and state laws.

Defendant has not knowingly or intentionally waived any applicable affirmative defenses.  Defendant reserves the right to amend its Answer to add such affirmative defenses as may become available or apparent during discovery proceeding.

**WHEREFORE,** Defendant demands judgment against Plaintiff as follows:

A.   Dismissing the Complaint against Defendant with prejudice;

B.   For costs, disbursements and attorneys' fees; and

C.   For such other relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 13th day of April, 2017.

**BURNSBARTON LLP**


By   */s/* C. Christine Burns
     C. Christine Burns
     Alison Pulaski Carter

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on April 13, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

      A COPY was also mailed on this 13th day of April, 2017, to:

Daniel Desmond
226 North Hobson Street
Apt. A-7
Mesa, Arizona 85203
*Pro per*

s/ *Carolyn Galbreath*